UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HERNAN BORJAS on behalf of himself and others similarly situated,

                   Plaintiff,

v.

PARKOFF OPERATING CORP., PARKOFF LENOX REALTY LLC d/b/a PARKOFF ORGANIZATION, FAIRBANKS LLC, RICHARD PARKOFF, ADAM PARKOFF, MAYER BRANDWEIN, DAVID FRIEDMAN, SANDER BROMBERG, and JOHN DOES #1-10, jointly and severally,

                   Defendants.
----------------------------------------------------------------x

13 CV 8996

COMPLAINT

Plaintiff, HERNAN BORJAS, individually, and on behalf of others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover damages for plaintiff due to defendants' violations of federal and state labor laws related to unpaid minimum wages, unpaid overtime wages, unlawful retaliation and statutory penalties for notice-and-recordkeeping violations. Plaintiff is an hourly employee who worked as a building superintendent for defendants Parkoff Operating Corp. and Parkoff Lenox Realty LLC d/b/a Parkoff Organization and Fairbanks LLC (hereinafter jointly referred to as "The Parkoff Organization"), Richard Parkoff, Adam Parkoff, Mayer Brandwein, David Friedman, Sander Bromberg, and John Does #1-10 (hereinafter jointly referred to as "individual defendants"), at a residential building located at 745 Lincoln Place, Brooklyn, NY 11216 ("the premises").

2. Defendants have deprived plaintiff and others similarly situated of minimum wages and overtime pay since at least on or about December 18, 2010, in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants have deprived plaintiff of minimum wages and overtime pay since at least on or about December 18, 2007, in violation of New York Labor Law ("NYLL").

4. Defendants unlawfully retaliated against plaintiff for complaining about labor law violations, in violation of FLSA, 29 U.S.C. §215(a)(3) and NYLL §215.

5. Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. These are violations of NYLL §195(3).

6. In addition, defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL §195(1).

## JURISDICTION AND VENUE

7. With respect to the federal claims ascertained herein, the Court's original jurisdiction is invoked pursuant to 28 U.S.C. §1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.*

8. With respect to the state claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9. Upon information and belief, all defendants are employers engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10. The Parkoff Organization is subject to personal jurisdiction in the State of New York since it is a domestic business corporation and limited liability company incorporated in the State of New York that conducts business in the State of New York.

11. Individually named defendants are subject to personal jurisdiction in the State of New York since they are domiciled in New York. In addition, upon information and belief, all individual defendants are principals of the Parkoff Organization.

12. Upon information and belief, based on information provided by plaintiff, former employee of defendants, The Parkoff Organization is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, The Parkoff Organization is a rental management company and property owner that manages and owns over 200 buildings in and around New York's metropolitan area. Thus, The Parkoff Organization is an enterprise engaged in commerce as defined by 29 U.S.C. §203.

13. Upon information and belief, as well as plaintiff's personal knowledge, The Parkoff Organization regularly conducts interstate business. Specifically, The Parkoff Organization regularly conducts foreign credit card transactions and many of its suppliers are out-of-state vendors making regular shipments to defendant's various buildings. In addition, plaintiff was regularly tasked with handling supplies and equipment that originated out-of-state, including maintenance, sanitation and cleaning supplies.

14. Venue is proper in this District because one or more of the defendants are domiciled in this judicial District.

## THE PARTIES

### DEFENDANTS

15. Defendants Parkoff Operating Corp., Parkoff Lenox Realty LLC, Fairbanks LLC, Richard Parkoff, Adam Parkoff, Mayer Brandwein, David Friedman, Sander Bromberg, and John Does #1-10 jointly employed plaintiff from on or about December 18, 2007 until November 4, 2013. Each defendant has had, individually and jointly, substantial control over plaintiff's wages and working conditions.

16. Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this complaint, as the defendants are engaged in activities performed for a common business purpose as defined by FLSA §203(r).

17. Upon information and belief, defendants Richard Parkoff, Adam Parkoff, Mayer Brandwein, David Friedman, Sander Bromberg and John Does #1-10 have been "shareholders" of The Parkoff Corporation within the meaning of New York Business Corporations Law § 630 at all times relevant to this action.

18. Upon information and belief, all individual defendants have had control over all employment practices at The Parkoff Organization at times relevant to this matter, including wages, scheduling and the hiring and firing of employees. Defendants, jointly and severally, are covered employers within the meaning of 29 U.S.C. §203(d) and NYLL §190.

19. Upon information and belief and at times relevant to this matter, all defendants have owned, managed and/or otherwise operated over 200 residential buildings in the New York metropolitan area and, upon information and belief, have employed a staff of over 500 building service employees.

## PLAINTIFF

20. Hernan Borjas ("Borjas" or "plaintiff") is an adult individual who is a resident of Kings County, State of New York.

21. Borjas was employed as a building superintendent by defendants from on or around September 1, 2007 until November 4, 2013.

22. As a building superintendent for defendants, Borjas is a covered employee as defined by FLSA, 29 U.S.C. §203(e) and NYLL §190.

23. Borjas has never had the power to hire, fire, direct, or otherwise control the employment conditions of other employees; thus, he is not exempt by FLSA, 29 U.S.C. §213.

24. When he first started working in 2007, Borjas was told by defendant Friedman that his regular weekly schedule would be from 7:00 am until 5:00 pm, Mondays through Fridays; 7:00 am until 11:00 pm on Saturdays; and that he would have Sundays off. At the time of Borjas' hire, defendant Friedman informed Borjas that he would be paid $10 per hour.

25. However, Borjas' actual regular weekly schedule for The Parkoff Corporation was for roughly 98 hours per week. For this work, Borjas was paid at the flat rate of $375 per week between September 2007 until March 2010, and then at the flat rate of $400 per week between April 2010 and November 2013.

26. Borjas' daily duties included keeping the building, roof, laundry room, garden area, hallways, common areas and sidewalks clean; maintaining the boiler, elevator, laundry room and equipment necessary to operate the building; performing repairs and renovations in common areas and individual apartments; collecting, sorting and taking out the garbage and recycling; watering and caring for plants and flowers in the garden area; and showing apartments in the building to brokers and potential tenants.

5

27. Defendants also required Borjas to remain on-call during his "off hours," during which time he was required to remain within 15-minutes of the premises in order to respond promptly to tenant problems within the building and/or individual apartments.

28. The job duties required Borjas to work during his on-call hours. For example, because trash pickup every Monday is before 7:00 am, Borjas was required to spend several hours each Sunday (his day off) preparing for the Monday morning trash pickup.

29. As a part of Borjas' laundry room duties, he was required to clean, perform maintenance, and lock and unlock access to the laundry room, which was open and accessible to tenants from 7am – 9pm, 7 days per week.

30. Additionally, Borjas performed work for tenants during both regular work hours and his on-call times, which included plumbing, fixing leaks, problems with windows, changing light-bulbs and faucets, and fixing fuse boxes if the circuit went out.

31. For the foregoing reasons, Borjas was required to be on-call and remain at or near the building at all times, regardless if it was during his scheduled work time or his off-time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings his first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. §216(b) of the FLSA on behalf of all hourly building service employees, employed by defendants at one or more of over 200 residential buildings in or around the New York metropolitan area between on or about December 18, 2010 and the date of final judgment in this matter that elect to opt in to this action. The Parkoff Organization owns the residential building at 745 Lincoln Pl., Brooklyn, New York 11216 under the name Fairbanks LLC. Other residential buildings owned by The Parkoff Organization with similarly situated building service employees include, but are not limited to, 19 Seaman Avenue, New York, New

6

York 10034 (under 19 Seaman LLC) and 500 West 235th Street, Bronx, New York 10463 (under Elbridge Realty Corp.). On information and belief, there are over 500 similarly situated building service employees. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

33. At all times relevant to this complaint and upon information and belief, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices of willfully failing to pay minimum wages and overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek. Thus, the claims of plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

34. Plaintiff and the FLSA Collective Plaintiffs were paid a flat weekly rate each week, yet the amount they were paid did not sufficiently compensate them for each hour worked at the required minimum wage rate, in violation of FLSA.

35. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week, yet were not compensated at a rate of one and a half times their hourly rate for hours worked, in violation of FLSA.

36. Plaintiff and FLSA Collective Plaintiffs were required to remain on-call either on the premises or within 15 minutes of the premises at all times, including during their off hours.

37. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

38. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure plaintiff and the FLSA Collective Plaintiffs in violation of federal labor law.

39. For notice and all other purposes related to claims brought under 29 U.S.C. § 216(b) of the FLSA, the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

40. Defendants intentionally and willfully committed the forgoing acts against plaintiff and the FLSA Collective Plaintiffs.

## PLAINTIFF'S INDIVIDUAL NYLL ALLEGATIONS

41. Plaintiff brings his third, fourth, fifth and sixth claims for relief under the NYLL.

42. Defendants unlawfully failed to pay plaintiff at the minimum wage rate as provided by NYLL.

43. Plaintiff regularly worked in excess of forty (40) hours per workweek.

44. Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by NYLL for all hours in excess of forty (40) in a workweek.

45. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure plaintiff and violate New York State laws.

46. Defendants failed to provide plaintiff with a yearly wage notice and statement with each payment of wages as required by NYLL §§195 *et seq*.

## PLAINTIFF'S RETALIATION CLAIMS

47. Plaintiff brings his eighth claim for relief under the FLSA and his ninth claim for relief under the NYLL.

48. On November 4, 2013, defendants terminated plaintiff due to his age, and replaced him with a younger building superintendent.

49. On November 19, 2013, plaintiff's attorneys mailed a demand letter to defendants stating, *inter alia*, that defendants had violated Federal and State labor laws by failing to pay plaintiff minimum and overtime wages required by state and Federal law, and that defendants had discriminated against plaintiff on the basis of his age. Defendants received the demand letter on November 20, 2013.

50. In response to plaintiff's demand letter, the next day, November 21, 2013, defendants served plaintiff with a notice of petition for a holdover eviction proceeding returnable in Kings County Civil Court, index number 102937/13.

51. Defendants' commencement of a summary eviction proceeding is an unlawful act of retaliation in direct response to plaintiff's complaints of labor law violations and age discrimination, a direct violation of the FLSA, 29 U.S.C. §215(a)(3) and NYLL §215.

## FIRST CLAIM FOR RELIEF

### FLSA Minimum Wage Claim, 29 U.S.C. §§201 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

52. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

53. In light of defendants' unlawful failure to pay the required minimum wage, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his unpaid minimum wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

9

## SECOND CLAIM FOR RELIEF

### FLSA Overtime Claim, 29 U.S.C. §§201 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

54. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

55. In light of defendants' unlawful failure to pay overtime wages, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### New York State Minimum Wage Claim, NYLL §650 *et seq.*

56. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

57. In light of defendants' unlawful failure to pay the required minimum wage, plaintiff seeks and is entitled to recover his respective unpaid compensation, damages pursuant to NYLL, Article 6, §198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### New York State Overtime Claim, NYLL §§650 *et seq.*

58. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

59. In light of defendants' unlawful failure to pay overtime wages, plaintiff seeks and is entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article

6, §198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### Notice-and-Recordkeeping Requirements, NYLL §195(3)

60. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

61. In light of defendants' unlawful failure to provide yearly wage notices, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

### Notice-and-Recordkeeping Requirements, NYLL §195(1)

62. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

63. In light of defendants' unlawful failure to provide wage records with their employees' regular wages, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

### FLSA Unlawful Retaliation, 29 U.S.C. §215(a)(3)

64. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

65. In light of defendants' unlawful retaliation, plaintiff seeks and is entitled to reinstatement, or an award of front pay in lieu of reinstatement, back pay, damages in an amount as yet determined, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM OF RELIEF

## New York State Retaliation Claim, NYLL Article 19 §§215 *et seq.*

65. Plaintiff repeats, realleges, and incorporates each and every preceding paragraph as if set forth fully herein.

66. In light of defendants' unlawful retaliation, plaintiff seeks and is entitled to reinstatement, or an award of front pay in lieu of reinstatement, back pay, damages in an amount as yet determined, liquidated damages as provided by the NYLL, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## RELIEF SOUGHT

**WHEREFORE**, plaintiff, on behalf of himself and FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purpose of the claim brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiff as representative of the FLSA Collective Plaintiffs;

C. An order declaring that defendants violated the FLSA;

D. An order declaring that defendants' violations of the FLSA were willful;

E. An order declaring that defendants violated the NYLL;

F. An order of back pay and reinstatement for violations of FLSA and NYLL, or, in lieu of reinstatement, an award of front pay;

G. An order staying the holdover proceeding in the Civil Court of Kings County, index number 102937/13, pending resolution of this matter.

H. An injunction prohibiting defendants from evicting plaintiff or in any way interfering

with his occupancy of his apartment;

I.  An award of minimum wage compensation under the FLSA and NYLL;

J.  An award of overtime compensation under the FLSA and NYLL;

K.  An award of liquidated damages pursuant to the FLSA;

L.  An award of damages for violations of NYLL;

M.  All penalties available under the applicable laws;

N.  Attorneys' fees pursuant to 29 U.S.C. §216, NYLL §663 and all other applicable statutes;

O.  Interest as provided by law; and

P.  Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial for all causes of action and claims for which he has a right to a jury trial.

Date:  New York, New York
       December 18, 2013


                                        Respectfully submitted,

                                        EISNER & ASSOCIATES, P.C.

                                        By: _____
                                            Eugene G. Eisner
                                        Attorneys for Plaintiffs
                                        113 University Place
                                        New York, NY 10003
                                        (212) 473-8700