UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HERNAN BORJAS on behalf of himself and others similarly situated,

                          Plaintiff,

v.

PARKOFF OPERATING CORP., PARKOFF LENOX REALTY LLC d/b/a PARKOFF ORGANIZATION, FAIRBANKS LLC, RICHARD PARKOFF, ADAM PARKOFF, MAYER BRANDWEIN, DAVID FRIEDMAN, SANDER BROMBERG, and JOHN DOES #1-10, jointly and severally,

                          Defendants.
-------------------------------------------------------------------x

13cv8996 (ER)

PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, HERNAN BORJAS, individually, and on behalf of others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover damages for plaintiff due to defendants' violations of federal law related to unpaid minimum wages, unpaid overtime wages and unlawful retaliation. Plaintiff is an hourly employee who worked as a building superintendent for defendants Parkoff Operating Corp. and Parkoff Lenox Realty LLC d/b/a Parkoff Organization and Fairbanks LLC (hereinafter jointly referred to as "The Parkoff Organization"), Richard Parkoff, Adam Parkoff, Mayer Brandwein, David Friedman, Sander Bromberg, and John Does #1-10 (hereinafter jointly referred to as "individual defendants"), at a residential building located at 745 Lincoln Place, Brooklyn, NY 11216 ("the premises").

2.   Defendants have deprived plaintiff and others similarly situated of minimum wages and overtime pay since at least on or about December 18, 2010, in violation of the Fair Labor Standards Act ("FLSA").

3.   Defendants unlawfully retaliated against plaintiff for complaining about labor law violations, in violation of FLSA, 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

4.   The Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.   Upon information and belief, all defendants are employers engaged in commerce as defined in the FLSA, 29 U.S.C. § 203(s).

6.   The Parkoff Organization is subject to personal jurisdiction in the State of New York since it is a domestic business corporation and limited liability company incorporated in the State of New York that conducts business in the State of New York.

7.   Individually named defendants are subject to personal jurisdiction in the State of New York since they are domiciled in New York. In addition, upon information and belief, all individual defendants are principals of the Parkoff Organization.

8.   Upon information and belief, based on information provided by plaintiff, former employee of defendants, The Parkoff Organization is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, The Parkoff Organization is a rental management company and property owner that manages and owns over 200 buildings in and around New York's metropolitan area. Thus, The Parkoff Organization is an enterprise engaged in commerce as defined by 29 U.S.C. § 203.

9. Upon information and belief, as well as plaintiff's personal knowledge, The Parkoff Organization regularly conducts interstate business. Specifically, many of its suppliers are out-of-state vendors making regular shipments to defendant's various buildings. In addition, plaintiff was regularly tasked with handling supplies and equipment that originated out-of-state, including maintenance, sanitation and cleaning supplies.

10. Venue is proper in this District because one or more of the defendants are domiciled in this judicial District.

## THE PARTIES

## DEFENDANTS

11. Defendants Parkoff Operating Corp., Parkoff Lenox Realty LLC, Fairbanks LLC, Richard Parkoff, Adam Parkoff, Mayer Brandwein, David Friedman, Sander Bromberg, and John Does #1-10 jointly employed plaintiff from on or about December 18, 2007 until November 4, 2013. Each defendant has had, individually and jointly, substantial control over plaintiff's wages and working conditions.

12. Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this complaint, as the defendants are engaged in activities performed for a common business purpose as defined by FLSA § 203(r).

13. Upon information and belief, defendants Richard Parkoff, Adam Parkoff, Mayer Brandwein and John Does #1-10 have been "shareholders" of The Parkoff Corporation within the meaning of New York Business Corporations Law § 630 at all times relevant to this action.

14. Upon information and belief, all individual defendants have had control over all employment practices at The Parkoff Organization at times relevant to this matter, including

3

wages, scheduling and the hiring and firing of employees. Defendants, jointly and severally, are covered employers within the meaning of 29 U.S.C. § 203(d) and NYLL § 190.

15. Upon information and belief and at times relevant to this matter, all defendants have owned, managed and/or otherwise operated over 200 residential buildings in the New York metropolitan area and, upon information and belief, have employed a staff of over 500 building service employees.

## PLAINTIFF

16. Hernan Borjas ("Borjas" or "plaintiff") is an adult individual who is a resident of Kings County, State of New York.

17. Borjas was employed as a building superintendent by defendants from on or around September 1, 2007 until November 4, 2013.

18. As a building superintendent for defendants, Borjas is a covered employee as defined by FLSA, 29 U.S.C. §203(e).

19. Borjas has never had the power to hire, fire, direct, or otherwise control the employment conditions of other employees; thus, he is not exempt by FLSA, 29 U.S.C. §213.

20. When he first started working in 2007, Borjas was told by defendant Friedman that his regular weekly schedule would be from 7:00 am until 5:00 pm, Mondays through Fridays; 7:00 am until 11:00 pm on Saturdays; and that he would have Sundays off. At the time of Borjas' hire, defendant Friedman informed Borjas that he would be paid $10 per hour.

21. However, Borjas' actual regular weekly schedule for The Parkoff Corporation was for roughly 98 hours per week. For this work, Borjas was paid at the flat rate of $375 per week between September 2007 until March 2010, and then at the flat rate of $400 per week between April 2010 and November 2013.

4

22. Upon information provided by plaintiff, plaintiff was required to work seven days per week and began his workday at 7:00 a.m. by checking and manually filling the boiler. If the boiler was drained during the course of the day, plaintiff was required to refill it in order for tenants to have hot water. At 9:00 a.m., plaintiff was required to open the laundry room, which remained open and available to tenants from 9:00 a.m. until 9:00 p.m. seven days per week. During the daytime, plaintiff's duties included cleaning all outdoor and common areas, maintenance, temperature control, installation of air conditioners, painting, plaster work, attending to the laundry facilities, handling garbage and recyclables, showing vacant apartments to prospective tenants and changing light bulbs and fuses. At all hours in the evening, plaintiff was expected to be available to tenants, as well as to police and emergency personnel who would arrive at the premises in response to fire alarms, stuck elevators, or other calls made by tenants or neighbors. Upon information provided by plaintiff, these emergency responses occurred at least once per week during plaintiff's entire employment with defendants.

23. At all times relevant, as a condition of his employment, plaintiff was required to be available to tenants within fifteen minutes of receiving a call, 24 hours per day, seven days per week. Early on in his employment, plaintiff was reprimanded by defendant David Friedman for failing to comply with this requirement. This restriction meant that plaintiff was unable to travel more than fifteen minutes from the building at any time during his employment, nor was he able to use his time for his own purposes while on the premises. As a result, Plaintiff was forced to structure his entire life within a fifteen minute radius of the premises.

### FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings his first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. §216(b) of the FLSA on behalf of all hourly building service

employees, employed by defendants at one or more of over 200 residential buildings in or around the New York metropolitan area between on or about December 18, 2010 and the date of final judgment in this matter that elect to opt in to this action. The Parkoff Organization owns the residential building at 745 Lincoln Pl., Brooklyn, New York 11216 under the name Fairbanks LLC. Other residential buildings owned by The Parkoff Organization with similarly situated building service employees include, but are not limited to, 19 Seaman Avenue, New York, New York 10034 (under 19 Seaman LLC) and 500 West 235th Street, Bronx, New York 10463 (under Elbridge Realty Corp.). On information and belief, there are over 500 similarly situated building service employees. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

25.   At all times relevant to this complaint and upon information and belief, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices of willfully failing to pay minimum wages and overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek. Thus, the claims of plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

26.   Plaintiff and the FLSA Collective Plaintiffs were paid a flat weekly rate each week, yet the amount they were paid did not sufficiently compensate them for each hour worked at the required minimum wage rate, in violation of FLSA.

27.   Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week, yet were not compensated at a rate of one and a half times their hourly rate for hours worked, in violation of FLSA.

28.   Plaintiff and FLSA Collective Plaintiffs were required to remain on-call either on the premises or within 15 minutes of the premises at all times, including during their off hours.

29. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

30. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure plaintiff and the FLSA Collective Plaintiffs in violation of federal labor law.

31. For notice and all other purposes related to claims brought under 29 U.S.C. § 216(b) of the FLSA, the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

32. Defendants intentionally and willfully committed the forgoing acts against plaintiff and the FLSA Collective Plaintiffs.

## PLAINTIFF'S RETALIATION CLAIMS

33. Plaintiff brings his eighth claim for relief under FLSA § 215(a)(3).

34. On November 4, 2013, defendants terminated plaintiff due to his age, and replaced him with a younger building superintendent.

35. On November 19, 2013, plaintiff's attorneys mailed a demand letter to defendants stating, *inter alia*, that defendants had violated Federal and State labor laws by failing to pay plaintiff minimum and overtime wages required by state and Federal law, and that defendants had discriminated against plaintiff on the basis of his age. Defendants received the demand letter on November 20, 2013.

36. In response to plaintiff's demand letter, the next day, November 21, 2013, defendants served plaintiff with a notice of petition for a holdover eviction proceeding returnable

in Kings County Civil Court, index number 102937/13. Plaintiff has since been evicted from his apartment.

37.   Defendants' commencement of a summary eviction proceeding is an unlawful act of retaliation in direct response to plaintiff's complaints of labor law violations and age discrimination, a direct violation of the FLSA, 29 U.S.C. § 215(a)(3).

## FIRST CLAIM FOR RELIEF

### FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

38.   Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

39.   In light of defendants' unlawful failure to pay the required minimum wage, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his unpaid minimum wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### FLSA Overtime Claim, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

40.   Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

41.   In light of defendants' unlawful failure to pay overtime wages, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### FLSA Unlawful Retaliation, 29 U.S.C. § 215(a)(3)

42. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

43. In light of defendants' unlawful retaliation, plaintiff seeks and is entitled to reinstatement, or an award of front pay in lieu of reinstatement, back pay, damages in an amount as yet determined, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

### **RELIEF SOUGHT**

**WHEREFORE**, plaintiff, on behalf of himself and FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purpose of the claim brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiff as representative of the FLSA Collective Plaintiffs;

C. An order declaring that defendants violated the FLSA;

D. An order declaring that defendants' violations of the FLSA were willful;

E. An order of back pay and reinstatement for violations of the FLSA provisions against, or, in lieu of reinstatement, an award of front pay;

F. An award of minimum wage compensation under the FLSA;

G. An award of overtime compensation under the FLSA;

H. An award of liquidated damages pursuant to the FLSA;

I. All penalties available under the applicable laws;

J. Attorneys' fees pursuant to 29 U.S.C. § 216 and all other applicable statutes;

K. Interest as provided by law; and

L.  Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial for all causes of action and claims for which he has a right to a jury trial.

Date:  New York, New York
April 15, 2013

Respectfully submitted,

EISNER & ASSOCIATES, P.C
By: _____
Eugene G. Eisner
Attorneys for Plaintiffs
113 University Place
New York, NY 10003
(212) 473-8700